Michael W. Graf (CA Bar # 136172)
227 Behrens Street
El Cerrito CA 94530
Tel: (510) 525-7222
Fax: (510) 525-1208
mwgraf@aol.com

Sharon E. Duggan  (CA Bar # 105108)
370 Grand Avenue Suite 5
Oakland, CA 94610
Tel: 510-271-0825
Fax: 510-271-0829
FoxSDuggan@aol.com

Attorneys for Plaintiff

Peter Whitfield (HI Bar # 08749)
601 D St. NW
Washington, DC 20004
Tel: 202.305.0430
Fax: 202.305.0274
peter.whitfield@usdoj.gov

Attorney for Defendants

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| LOS PADRES FORESTWATCH, a non-profit organization,<br>　　　　　　　Plaintiff,<br>　　v.<br>UNITED STATES FOREST SERVICE, PEGGY HERNANDEZ, in her official capacity as Forest Supervisor for the Los Padres National Forest,<br>　　　　　　　Defendants. | Case No.  C 10-03653<br><br>**SECOND JOINT STIPULATED REQUEST TO CONTINUE PRELIMINARY INJUNCTION HEARING; [PROPOSED] ORDER**<br><br>Date:　November 2, 2010<br>Time:　2 p.m.<br>Courtroom 4, 5th Floor<br><br>Honorable Lucy H. Koh (LHK) |

Plaintiff Los Padres ForestWatch and Defendants United States Forest Service and Peggy Hernandez (together the "parties") have been engaged in good faith discussions to resolve this lawsuit through a negotiated settlement. Plaintiff filed its complaint on August, 18, 2010, alleging among other claims that Defendants violated the Administrative Procedure Act ("APA") and the National Environmental Policy Act ("NEPA") by authorizing a Road Clearing Project ("the Project'). Pl.'s Compl. (Dkt. #1). On August 26, 2010, Plaintiff filed a motion for a temporary restraining order and preliminary injunction ("PI Motion"). (Dkt. #6).

In response to Plaintiff's PI Motion, Defendants contacted Plaintiff to see if the parties could reach a mutually agreeable solution to resolve the claims contained in Plaintiff's complaint. After conferring, the parties believed that this matter could be resolved through settlement. Accordingly, in the interest of conserving the judicial resources of this Court, the parties stipulated to a continuance of Plaintiff's PI Motion on September 1, 2010. See Joint Stipulated Request for Extension of Time (Dkt. #19). The parties thereafter worked diligently to resolve this matter.

A key objective of the settlement process has been for the parties to reach agreement on how the Forest Service could continue to implement the project. As set forth in Plaintiff's complaint, Plaintiff sent a 60-Day Notice of Intent to Sue letter ("NOI") sent to the Forest Service on August 13, 2010 alleging that the Forest Service had failed to initiate consultation on the project with the U.S. Fish and Wildlife Service ("FWS") pursuant to the federal Endangered Species Act. As part of the settlement process, the Forest Service agreed to initiate consultation with FWS regarding the Project, with the idea that the information learned from the consultation could be incorporated into a potential global settlement. While the parties have been diligent on this issue, the consultation process has nevertheless taken some time to date, as set forth below.

The Forest Service first attended a meeting on September 20, 2010 with FWS in order to determine what materials the Forest Service would need to provide FWS as part of the consultation process. At the conclusion of this meeting, the Forest Service and FWS agreed that the Forest Service would seek consultation from FWS on the Project and on several other related matters occurring in the Forest. Due to the pending litigation, the FWS agreed to give first priority to the consultation on the project.

Defendants worked diligently to provide FWS with materials to begin the consultation process and, on October 13, 2010, delivered to FWS a letter formally requesting consultation on the Project along with the documents requested by FWS. FWS informed Defendants that it would require 30 days to provide its response to the Project. Defendants informed Plaintiff of this time frame.

The parties believe that they will be able to achieve a global settlement once FWS issues its decision regarding consultation on the Project. This decision should be issued on or around November 13, 2010. The parties will then review the FWS decision and determine what additional measures are necessary to allow the Project to continue. In the interim, the parties have agreed to some measures that will be in place while the parties wait for the FWS decision, as set forth below.

In order to continue the positive discourse and cooperative spirit between the parties, the parties hereby jointly request that the Court continue the preliminary injunction hearing, and the briefing related thereto, in this matter currently set for November 2, 2010 at 2:00 p.m., for an additional 30 days pursuant to the following stipulation as set forth below, which if adopted by Order of the Court would remain in effect until such time as the parties reach agreement on a settlement or the court issues a ruling on Plaintiff's motion for a preliminary injunction.

The parties believe that this time period will be sufficient to reach a global settlement and would not envision asking for any additional extensions.

The interim conditions are as follows:

1.      The Forest Service agrees to work with the U.S. Fish and Wildlife Service ("FWS") on the following:

    a.      The Forest Service will continue to consult with FWS regarding the potential impacts of the Road Clearing Project (the "Project") on Threatened, Endangered, and Proposed Species, as per Section 7 of the Endangered Species Act, as amended ("ESA"). The Forest Service shall provide Plaintiff via email or overnight electronic media delivery all relevant documents submitted to and received from FWS for this consultation promptly upon submitting or receiving such documents. Upon completion of consultation, the Forest Service shall comply with any additional terms and conditions identified by the U.S. Fish & Wildlife Service through the Section 7 consultation process related to this Project;

   b. The Forest Service will continue its programmatic consultation with the FWS to update the December 22, 2000 "Biological Opinion for Ongoing Activities Occurring in the Monterey Ranger District of the Los Padres National Forest, Monterey County, California (2670) (1-8-99-F-74)" for the federally-endangered Smith's blue butterfly (*Euphilotes enoptes smithi*) (the "December 2000 BO"), incorporating the most recent and best available science;

 2. Defendants agree to the following conditions for continued implementation of the Project, and Plaintiff agrees to allow the Project to continue to proceed on these conditions:

   a. The Forest Service will employ a qualified biologist to review on-site areas proposed for clearing prior to any clearing activities (the "On-site Biologist"). The On-site Biologist will continue to ensure that all mandatory and recommended restrictions set forth in the Biological Assessment ("BA") and Botanical Issues memo (the "Botanical Memo"), are applied, as appropriate (the BA and Botanical Memo were previously submitted as Exhibits 1 & 2 respectively to the parties first Joint Stipulated Request to Continue Preliminary Injunction Hearing);

   b. The Forest Service will avoid vegetation removal within 15 feet of the boundaries of any riparian or wetland areas within the Project areas as determined by the On-site Biologist. The Biologist shall make the boundary determination based on the area distinguished by characteristic plant and/or animal communities of riparian or wetland habitats, as appropriate. The Forest Service may extend the buffer beyond 15 feet if recommended by the On-site Biologist;

   c. The Forest Service will avoid vegetation removal in all Wilderness Areas and designated or proposed Research Natural Areas;

   d. The Forest Service will use best efforts to avoid allowing activity in flagged areas, which may include actions such as regular meetings with the contractor to identify areas to avoid, rechecking flagging before work begins, and/or having an inspector walk in advance of the mowers;

   e. The Forest Service will take the following actions with respect to the following roads during the period this stipulation remains in effect:

    (1) Forest Service will avoid clearing on East & West Cuesta Ridge;

    (2) Forest Service will avoid clearing on Fernandez C road. Forest Service

will flag and avoid areas identified by the On-site Biologist as critical habitat for the Canyon Amole on the Fernandez, 1Fernandez, Fris, Navajo, and 1 Navajo roads.

        (3) Forest Service will avoid clearing within 50 feet of riparian areas (as identified by the On-site Biologist) with suitable or occupied Red Legged Frog habitat along Branch Creek Roads; Clearing on these roads shall also not occur on any road with less than a normal two vehicle width.

        (4) Forest Service will flag and avoid areas designated as critical habitat for Red-legged frog on La Brea Road and Road to Lazy Camp;

    f.    On all roads, the Forest Service will avoid vegetation clearing in upland riparian areas associated with suitable or occupied Red Legged Frog habitat as identified by the On-site Biologist to retain vegetation for dispersing California red-legged frogs.

    g.    Within the boundaries of the Blue Oak Woodland Area of High Ecological Significance (established by the U.S. Forest Service in their 1999 document titled "Southern California Mountains and Foothills Assessment") the Forest Service will clear only what is necessary to maintain clearance for vehicles (i.e. overhanging vegetation may be pruned, but no clearing outside of that). This conditions affects clearing on San Jose, Branch Mountain, Los Pelados, and American Canyon roads.

    h.    The Forest Service will incorporate measures to avoid impacts to California condors, including measures such as those designed to avoid condors interacting with equipment and/or personnel, and shall coordinate with U.S. Fish & Wildlife Service to avoid clearing vegetation within 0.5 miles of active condor roosting areas.

    j.    The Forest Service will use its best efforts to avoid vegetation removal in areas identified by the On-site Biologist likely to constitute habitat for all Forest Service sensitive species;

    k.    The Forest Service will avoid removing trees over 6" DBH; above that limit, the Forest Service may prune if needed for vehicle clearance.

    l.    The Forest Service will provide to Plaintiff 1) a copy of all contracts and contract amendments for this Project; 2) a weekly email report summarizing the progress of the Project, which stipulations were/were not implemented during the report time period, whether those

4

Second Joint Stipulated Request to Continue Preliminary Injunction Hearing; [Proposed] Order; Case No. C 10-03653.

stipulations were effective at avoiding impacts, and whether any monitoring occurred and if so, the results/findings of such monitoring, and projected work schedule; 3) , the Forest Service shall provide Plaintiff via email or overnight electronic media delivery all relevant documents submitted to and received from FWS concerning the programmatic consultation for Monterey Ranger District for the Smith's Blue Butterfly; and 4) access to inspect open ungated project work areas with 24 hours notice to ensure compliance with the terms and conditions of this settlement.  Where project work occurs within gated roads, the Forest Service shall use its best efforts to allow access upon written or email request from Plaintiff.

3.     The Parties' agreement to these terms and conditions is made without admission that the agreed terms and conditions set forth in this stipulation are legally-required or legally-sufficient;

4.     The Parties agree and hereby request that the preliminary injunction hearing currently set for November 2, 2010 be continued for 30 days, the exact date to be set by the Court.

**SO STIPULATED**

/s/ Michael W. Graf
Michael W. Graf
Attorneys for Plaintiff

/s/Peter C. Whitfield
Peter C. Whitfield,
United States Department of Justice
Attorneys for Defendants

P022FinalJointStipulation with Intro.wpd

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

The Court, having reviewed the Joint Stipulated Request to Continue Preliminary Injunction Hearing, hereby continues the hearing currently set for November 2, 2010 at 2 p.m. to December 16, 2010 at 1:30 p.m.

Defendants' brief in response to Plaintiff's motion shall be due 14   days before the hearing date and Plaintiff's reply in support of its motion shall be due  7   days before the hearing date.

5

Second Joint Stipulated Request to Continue Preliminary Injunction Hearing; [Proposed] Order; Case No. C 10-03653.

If the case settles, the parties shall file a stipulation of dismissal and request to vacate the hearing as soon as practicable, but no later than Friday, December 10, 2010.  The Court has read the parties' joint response [dkt. #29], and appreciates the parties' efforts at clarifying the delay and willingness to act in a more timely manner.  The Court shall not require a status conference at this time.

**IT IS SO ORDERED.**

Dated: October 27, 2010

LUCY H. KOH
United States District Judge