Michael W. Graf (CA Bar # 136172)
227 Behrens Street
El Cerrito CA 94530
Tel: (510) 525-7222
Fax: (510) 525-1208
mwgraf@aol.com

Sharon E. Duggan  (CA Bar # 105108)
370 Grand Avenue Suite 5
Oakland, CA 94610
Tel: 510-271-0825
Fax: 510-271-0829
FoxSDuggan@aol.com

Attorneys for Plaintiff

IGNACIA S. MORENO
Assistant Attorney General
PETER C. WHITFIELD (HI Bar No. 08749)
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, DC 20044-0663
Phone: (202) 305-0430
Fax:  (202) 305-0274
peter.whitfield@usdoj.gov

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| LOS PADRES FORESTWATCH, a non-profit organization,<br><br>             Plaintiff,<br><br>      v.<br><br>UNITED STATES FOREST SERVICE, PEGGY HERNANDEZ, in her official capacity as Forest Supervisor for the Los Padres National Forest,<br><br>             Defendants. | Case No.  C 10-03653<br><br>**STIPULATION OF DISMISSAL AND [PROPOSED] ORDER**<br><br>Honorable Lucy H. Koh (LHK) |

Plaintiff Los Padres ForestWatch and Defendants United States Forest Service and Peggy Hernandez (together the "Forest Service"), by and through their undersigned counsel of record, hereby aver as follows:

WHEREAS, on August 18, 2010, Plaintiff filed a Complaint for Declaratory and Injunctive Relief alleging that the Forest Service, in approving a road brushing project, had failed to comply with the National Environmental Policy Act ("NEPA");

WHEREAS, on August 13, 2010, Plaintiff submitted a sixty-day Notice of Intent to Sue letter to the Forest Service under the federal Endangered Species Act ("ESA"), 16 U.S.C. § 1536(a)(2), informing it of Plaintiff's intent to amend its complaint to add a claim under the ESA for failure to consult with the federal wildlife agencies on the effects of the Project and other road maintenance activities on threatened and endangered plants and wildlife;

WHEREAS, the parties, through their authorized representatives, have reached agreement on the terms of a settlement ("Settlement Agreement"), attached hereto as Exhibit A, which they consider to be a just, fair, adequate, and equitable resolution of the issues in this case;

Accordingly, the parties do hereby stipulate as follows:

1. The Agreement resolves all the Plaintiff's claims against Defendants in this case. The Agreement becomes effective upon an order of this Court dismissing the Plaintiff's claims with prejudice.

2. The Court retains jurisdiction over this matter to oversee compliance with the Agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Dated: April 11, 2011

| /s/ Michael W. Graf<br>Michael W. Graf<br>Sharon E. Duggan<br>Attorneys for Plaintiff | IGNACIA MORENO<br>Assistant Attorney General<br>Environment and Natural Resources Division<br><br>/s/Peter C. Whitfield<br>Peter C. Whitfield,<br>United States Department of Justice<br>Attorneys for Defendants |
|---|---|

**ORDER**

The above-captioned case is dismissed with prejudice, except that the Court retains jurisdiction over this matter to oversee compliance with the Agreement. *See Kokkonen v. Guardian Life Insur. Co. of Am.*, 511 U.S. 375 (1994).[1]

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 18, 2011

                                                  _Lucy H. Koh_
LUCY H. KOH
United States District Judge

---

[1] The Court finds that the parties' agreement for $60,000 for all attorney's fees and costs Plaintiff incurred in anticipation of or in connection with this litigation is reasonable given Plaintiff's substantial efforts in this action. Those efforts include, but are not limited to: (1) months-long efforts to work with the Forest Service to resolve the environmental issues in connection with the Project without litigation; (2) submitting a 60-day Notice of Intent to Sue letter to the Forest Service under the Endangered Species Act; (3) filing and arguing a successful motion for a preliminary injunction; (4) over six months of work to informally resolve this action with the Forest Service after the Complaint was filed; (5) working out interim conditions that allowed the Project to proceed with environmental protections in place; and (6) filing a motion for summary judgment on an expedited basis.